PHILLIP A. TALBERT
United States Attorney
ALSTYN BENNETT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00040-DJC |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| REYMUNDO JOSE MENDEZ, | DATE: January 11, 2024 |
| Defendant. | TIME: 9:00 a.m.<br>COURT: Hon. Daniel J. Calabretta |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. This case was previously assigned to the Fresno Division. On October 7, 2023, the Honorable Sheila K. Oberto continued the status conference to December 6, 2023 and excluded time up to and including that date. ECF 34.

2. On September 12, 2023, this case was reassigned to the Sacramento Division under Amended Local Rule 120 to the Honorable Daniel J. Calabretta. On the Court's own motion, the case was set for a status conference on November 30, 2023. ECF 36. At that time, counsel for the government and prior attorney of record Galatea DeLapp submitted a stipulation requesting an exclusion of time under Local Code T4 up to and including November 30. ECF 39. The Court granted that motion and excluded time up to and including November 30. ECF 40.

3. On November 26, Ms. DeLapp filed an unopposed motion to withdraw as counsel. ECF 41. On November 27, the Court granted that motion and ordered that the CJA Panel Administrator identify local counsel to represent defendant and submit a proposed order appointing counsel thereafter. ECF 43. The Court further vacated the November 30 status conference and reset it for January 25, 2024. ECF 43.

4. On January 5, 2024, the United States filed a motion to exclude time under the Speedy Trial Act and requested a hearing date of January 11, 2024 as defense counsel had not yet been identified. ECF 46. The Court granted the motion, set a hearing for identification of counsel on January 11, 2024, and excluded time up to and including that date. ECF 47.

5. On January 8, 2024, the Court appointed attorney Tamara L. Solomon at attorney of record for the defendant. ECF 49.

6. The parties now seek to vacate the January 11, 2024 identification of counsel hearing, set a status conference for February 15, 2024 at 9:00 a.m., and exclude time between January 11, 2024 and February 15, 2024, under the Speedy Trial Act.

7. The parties further request the Court vacate the January 25, 2024 status conference. *See* ECF 43.

8. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes investigative reports and related documents. All of this discovery will be reproduced to new counsel and/or made available for inspection and copying.

   b) Counsel will need time to review the discovery, investigate the current charges, and consult with her client.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the

original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 6, 2023 to February 15, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4 – Continuity of Counsel and Effective Preparation] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

9. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 8, 2024                               PHILLIP A. TALBERT
                                                      United States Attorney

                                                      /s/ ALSTYN BENNETT
                                                      ALSTYN BENNETT
                                                      Assistant United States Attorney

Dated:  January 8, 2024                               /s/ TAMARA L. SOLOMAN
                                                      TAMARA L. SOLOMAN
                                                      Counsel for Defendant
                                                      REYMUNDO JOSE MENDEZ

**ORDER**

IT IS SO FOUND AND ORDERED this 8th day of January, 2024.

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE